UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAM SHATHAIA, SHATHAIA
BROTHERS PROPERTY, LLC and
SHATHAIA BROTHERS, INC. d/b/a
GRATIOT-MAYFIELD MARKET,

        Plaintiffs,                  Case No. 12-cv-13657
                                              Honorable Patrick J. Duggan
v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

      This lawsuit arises from a fire at the Gratiot-Mayfield Market in Detroit, Michigan, and Plaintiffs' claims for coverage for the resulting loss under an insurance policy issued by Defendant Travelers Casualty Insurance Company of America ("Travelers"), Policy of Insurance #I-680-2642N436-ACJ-11 ("the Policy"). Presently before the Court is Travelers' December 3, 2013 motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h). Specifically, Travelers challenges this Court's November 21, 2013 holding that a question of fact precludes summary judgment in its favor on Plaintiffs' business loss income claim. On December 5, 2013, this Court issued a notice informing the

parties that it will allow Plaintiffs to file a response to the motion to the extent they wished to do so. Plaintiffs filed a response brief on December 12, 2013.

Local Rule 7 provides that motions for reconsideration will not be granted unless the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). A motion that merely presents the same issues already ruled upon by the court– either expressly or by reasonable implication– will not be granted. E.D. Mich. L.R. 7.1(h)(3).

Travelers argues in its motion for reconsideration that the "Court's finding that Plaintiffs did not waive their business income claim and substantially complied with the Proof of Loss requirement is legally and factually erroneous[.]" (ECF No. 68 at Pg ID 2091.) The Court did not make such a finding, however. Rather, the Court stated "that a reasonable fact-finder *could* conclude that Plaintiffs did not waive [Shathaia Brothers, Inc.]'s business income claim and substantially complied with the Policy's proof-of-loss requirement." (ECF No. 66 at 24, emphasis added.) In short, the Court concluded that the issue should be resolved by a jury. This determination is not contrary to the law. *See Korn v. Paul Revere*

-2-

*Life Ins. Co.*, 382 F. App'x 443, 448 (2010) (citing *Griswold Properties, LLC v. Lexington Ins. Co.*, 272 Mich. App. 543, 574, 740 N.W.2d 659, 677 (2007)).

Undoubtedly Mr. Shathaia did state during his Examination Under Oath ("EUO") that the amount contained in his Sworn and Signed Proof of Loss Statement ("SSPOL") represented the amount he was claiming and that there were no additional amounts being claimed.  (ECF No. 50 Ex. 1 at 279.)  Nevertheless, Travelers had other information in its possession which contradicted this statement, including the specific statement on the SSPOL that the business loss claim is an open item for which an amount could not be provided at that time.  (ECF No. 52.)  Moreover, Travelers was provided with documentation supporting business loss which it had the opportunity to review (and did review) with Mr. Shathaia during his EUO.  These facts make this case distinguishable from *Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 2:11-cv-12394, 2013 WL 572230 (E.D. Mich. Feb. 13, 2013), cited by Travelers earlier and again in its motion for reconsideration.

For the above reasons, the Court concludes that it did not commit a palpable defect warranting a different disposition of Traveler's motion for partial summary judgment.

Accordingly,

**IT IS ORDERED**, that Defendant Travelers Casualty Insurance Company of America's Motion for Reconsideration is **DENIED**.

DATED: December 17, 2013          s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copies to:
Raechel M. Badalamenti, Esq.
Elizabeth P. Roberts, Esq.
Michele A. Chapnick, Esq.