UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAM SHATHAIA, SHATHAIA
BROTHERS PROPERTY, LLC and
SHATHAIA BROTHERS, INC. d/b/a
GRATIOT-MAYFIELD MARKET,

        Plaintiffs,

v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

        Defendant.
_____/

Case No. 12-cv-13657
Honorable Patrick J. Duggan

## OPINION AND ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE (ECF NOS. 75-78)

This lawsuit, currently scheduled for trial on January 21, 2014, arises from a fire at the Gratiot-Mayfield Market ("GMM") in Detroit, Michigan, and Plaintiffs' claims for coverage for the resulting loss under an insurance policy issued by Defendant Travelers Casualty Insurance Company of America ("Travelers"), Policy of Insurance #I-680-2642N436-ACJ-11 ("the Policy"). Presently before the Court are the following motions *in limine* filed Travelers on January 7, 2014:

- To Strike and/or Preclude Plaintiff[s] from Calling Unnamed and Stricken Witnesses at Trial (ECF No. 75);

- To Preclude Evidence, Argument, and/or Testimony Regarding Building Damages in Excess of Amount Claimed In Plaintiffs' "Sworn

Statement in Proof of Loss" (ECF No. 76);

•To Preclude Evidence, Argument and/or Testimony Regarding Any Business Income Claim in Excess of the 12 Month Period Allowed by the Policy (ECF No. 77);

•Regarding Policy Reserves (ECF No. 78.)

Plaintiffs filed a consolidated response to the motions on January 15, 2014. (ECF No. 82.)

### To Strike and/or Preclude Plaintiffs From Calling Unnamed and Stricken Witnesses at Trial (ECF No. 75)

In this motion, Travelers seeks to strike and/or preclude Plaintiffs from calling at trial certain witnesses they have listed in the Final Pretrial Order as "may call" witnesses. Specifically, Travelers is referring to the following possible witnesses:

> Globe Midwest/Adjusters International employees (Rich Stoutenburg, Carl Gross, Robert Levin, Wendy Binder, and Wendy Biety) who worked under the guidance of Jeffrey Molino (Plaintiffs' expert witness on damages) in preparing Plaintiffs' loss claims;
>
> •Plaintiffs' bookkeeper, Nadia Sukkar;
>
> •Detroit Police Officers Miesha Wallace and Donald Bussa;
>
> •seven employees of insurance broker TDA Insurance and Financial LLC ("TDA"); and
>
> •five Travelers employees other than those identified on Travelers' witness list.

(ECF No. 75 at Pg ID 2139-40.) Travelers claims these witnesses were never disclosed as witnesses or experts on any Rule 26(a) disclosure or witness list filed with the Court or were stricken as witnesses or experts already.

In their response to the motion, Plaintiffs indicate that they only list the Globe Midwest employee witnesses (other than Molino) as experts and/or rebuttal experts to the extent Travelers attempts to challenge the knowledge and/or basis for Molino's opinions. (ECF No. 82.) In fact, Travelers previously filed a motion *in limine* seeking to preclude Molino from testifying because the loss calculations which are the subject of his testimony are based on information collected and analyzed, in part, by these other Globe Midwest employees. This Court has issued an opinion and order denying Travelers' motion. This ruling should resolve Plaintiffs' need to call these Globe Midwest employees. However, to the extent Travelers cross-examines Molino in a manner that makes it necessary for Plaintiffs to offer these employees as rebuttal witnesses to explain the documents they reviewed or calculations they made, the fact that they were not previously named is not a basis to strike their testimony.

Travelers contends that Plaintiffs should be precluded from calling Sukkar because she was never disclosed as an expert witness and Travelers was never provided an expert report from her. Plaintiffs indicate in response, however, that

they do not intend to call Sukkar as an expert witness, but rather as a lay witness. As Plaintiffs' bookkeeper, Sukkar may testify in this capacity.

Travelers seeks to preclude Plaintiffs from calling City of Detroit Police Officers Miesha Wallace and Donald Bussa because, it claims, Plaintiffs never named these officers as witnesses. As Plaintiffs point out in response, however, their initial disclosures identified Detroit Police Department ("DPD") employees who "investigated crimes committed against Plaintiffs on or about March 16, 2011." (ECF No. 82 Ex. 1 ¶ 11.) Attached to Plaintiffs' initial disclosures were the DPD arrest reports identifying Officers Wallace and Bussa as being involved in the arrest of individuals caught stealing items from GMM the morning of March 16, 2011. (ECF No. 50-20.) Accordingly, the Court finds no basis identified by Travelers for precluding the testimony of these officers.[1]

The Court finds that Plaintiffs state a legitimate reason for not previously identifying the specific TDA employees that they now seek to call as witnesses. Plaintiffs listed Travelers' employees in their initial disclosures. For the reasons

---

[1] Travelers has filed a motion *in limine* to preclude any evidence regarding these arrests based on relevance. The Court has ruled on that motion in a separate opinion and order. The Court notes, however, that two additional officers were involved in the arrests who have been deposed and identified by Plaintiffs as trial witnesses: Shane Palmer and Aaron Kraszewski. Having all four officers testify seems unnecessary and a waste of the jury's time, unless each officer has different information to share with the jury.

stated in Plaintiffs' response brief, the Court does not believe that Travelers will be prejudiced if Plaintiffs call these witnesses.[2]

For the above reasons, the Court is denying Travelers' motion to strike and/or preclude Plaintiffs from calling unnamed and stricken witnesses at trial.

**To Preclude Evidence, Argument and/or Testimony Regarding Building Damages in Excess of the Amount Claimed in Plaintiffs' Sworn Statement in Proof of Loss (ECF No. 76)**

In their Sworn Statement of Proof of Loss ("SSPOL"), submitted to Travelers on June 10, 2011 (approximately three months after the fire), Plaintiffs claimed $454,231.64 in Building and Business Personal Property losses. In his expert report, Molino provided that, of this amount, $236,353.97 was attributable to building damage. In its pending motion *in limine*, Travelers seeks to limit Plaintiffs' recovery for damage to the building to this amount. Travelers believes that Plaintiffs will attempt to increase the amount sought based on the likely worsened condition of the building from March 2011 until today. Travelers argues, however, that the rights of parties to an insurance policy are fixed at the

---

[2]As with the police department officers, the Court instructs the parties to limit the number of witnesses they present to the jury. The Court will not allow Plaintiffs to call seven employees from TDA and numerous employees from Travelers. While the issues for which they are being called may need to be addressed without a stipulation by the parties, they are side issues. As such, the parties should not expend much of the jury's and Court's time addressing them.

time of loss and that the Policy required Plaintiffs to protect the property from further damage.

The Sixth Circuit's decision in *Salamey v. Aetna Casualty & Surety Co.*, 741 F.2d 874 (6th Cir. 1984) is instructive on this issue. There the court stated with respect to damages:

> A contract to insure against fire loss is a commercial contract, and damages for its breach are "generally limited to the monetary value of the contract." *Parmet Homes, Inc. v. Republic Insurance Co.*, 111 Mich. App. 140, 149, 314 N.W.2d 453 (1981). *See also Clark v. Craig*, 29 Mich. 397, 401 (1874) ("For any mere delay in payment, interest is in law regarded as sufficient compensation."). However, Michigan law follows the rule of *Hadley v. Baxendale*, 156 Eng. Rep. 145 (1854), that "the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made." *Kewin v. Massachusetts Mutual Life Insurance Co.*, 409 Mich. 401, 414, 295 N.W.2d 50 (1980).

*Salamey*, 741 F.2d at 877. The Sixth Circuit in *Salamey* therefore upheld the jury's award of damages compensating the plaintiff for lost profits beyond the two and a half months required for rebuilding, even though the insurance policy limited those damages to that period. *Id*. The appellate court did note, however, that the insurance company had not claimed in the case before it that the insured failed to mitigate damages. *Id*.

Based on *Salamey*, this Court concludes that Plaintiffs should not be

precluded from arguing and presenting evidence to the jury to show building damages greater than the amount in the SSPOL. Travelers may argue that the greater damages resulted from Plaintiffs' failure to mitigate their damages, as required under the Policy. The Court notes, however, that the specific language of the Policy only requires the insured to "[t]ake all *reasonable* steps to protect the Covered Property from further damage, . . .." (*See* ECF No. 52-11 at Pg ID 1655.) The jury will have to decide whether Plaintiffs took the reasonable steps necessary to avoid the additional damage.

For the above reasons, the Court is denying Travelers' motion to preclude evidence, argument and/or testimony regarding building damages greater than the amount claimed in the SSPOL.

**To Preclude Evidence, Argument and/or Testimony Regarding Any Business Income Claim in Excess of the 12 Month Period Allowed by the Policy**

Travelers argues that the Policy unambiguously limits Business Income Loss to a maximum of 12 months and that, therefore, Plaintiffs should be precluded from seeking damages in excess of the loss for that period. The reasons stated above for denying Travelers' motion *in limine* respecting building damages also apply to Travelers' attempt to limit Plaintiffs' Business Income Loss claim. *See supra*; *see also Salamey*.

### Regarding Policy Reserves

Travelers seeks to preclude Plaintiffs from introducing any evidence or argument regarding the amount of legally required "reserves" set by Travelers at the outset of the claim. These amounts are statutorily mandated and do not correlate to actual damages. As such, Travelers argues that the reserves are not relevant. Plaintiffs argue in response that the amount at issue reflects Travelers' own adjuster's assessment of Plaintiffs' damages immediately after the loss and, as such, is relevant. Citing *U.S. Fire Insurance Co. v. City of Warren*, No. 10-13128, 2012 WL 1454008 (E.D. Mich. Apr. 26, 2012), Plaintiffs note that there is a split of authority as to whether reserve information is relevant in a suit alleging a bad faith failure to settle an insurance claim.

In *U.S. Fire Insurance Co.*, Magistrate Judge Komives made the following observations regarding reserves:

> A reserve is merely "a fund of money set aside by a[n] . . . insurance company to cover future liability." Black's Law Dictionary 1309 (7th ed.1999). It is, therefore, merely a business judgment made by an insurance company to guard against future loss; it does not reflect a legal determination of the validity of an insured's claim against the company. As another court has explained, "[a] reserve essentially reflects an assessment of the value of a claim taking into consideration the likelihood of an adverse judgment and . . . such estimates of potential liability do not normally entail an evaluation of coverage based upon a thorough factual and legal consideration[.]" *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.*, 117 F.R.D. 283,

> 288 (D.D.C.1986). Thus, neither the existence nor amount of a reserve fund has any bearing on the legal question of coverage, which is determined by the language of the insurance contract. For this reason, the courts routinely find such information not discoverable under Rule 26 because it is neither relevant nor calculated to lead to the discovery of admissible evidence. *See Fidelity & Deposit Co. of Md. v. McCulloch*, 168 F.R.D. 516, 525 (ED. Pa.1996); *Leski, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989); *Independent Petrochem.*, 117 F.R.D. at 288; *Union Carbide Corp. v. Travelers Indemnity Co.*, 61 F.R.D. 411, 413 (W.D. Pa. 1973). Further, in Michigan, as in other states, reserves are both required and regulated by state law. *See* Mich. Comp. Laws §§ 500.810, .814a; Mich. Admin. Code R 500.1231. In other words, state law "establish[es] reserve policy. For this reason alone, a reserved cannot accurately or fairly be equated with an admission of liability or the value of any particular claim." *In re Couch*, 80 B.R. 512, 517 (S.D. Cal. 1987).

*U.S. Fire Ins. Co.*, 2012 WL 1454008, at *10 (footnote omitted). Magistrate Judge Komives noted that some courts find reserves relevant to a claim alleging bad faith failure to settle an insurance plain. *Id*. at *10 n.5 (citing cases). He indicated, however, that the action before him "involves a coverage dispute governed by the language of the insurance contracts, in which the good or bad faith of the companies is irrelevant." *Id*.

As discussed in this Court's opinion and order addressing Travelers' other motions *in limine*, Plaintiffs have brought a breach of contract claim, only. Whether Travelers wrongfully denied Plaintiffs' claims for coverage is not relevant to proof of their breach of contract claim. Instead, Travelers' alleged bad faith

only is relevant in this case on the issue of penalty interest and it is an issue for the Court to decide.  As such, the Court does not find Travelers' reserves relevant for trial.

The Court therefore is granting Travelers' motion *in limine* regarding policy reserves.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion *In Limine* to Strike and/or Preclude Plaintiff from Calling Unnamed and Stricken Witnesses at Trial (ECF No. 75) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's Motions *In Limine* to Preclude Evidence, Argument and/or Testimony Regarding Building Damages in Excess of Amount Claimed in Plaintiffs' "Sworn Statement in Proof of Loss" (ECF No. 76) and Any Business Income Claim in Excess of the 12 Month Period Allowed by the Policy (ECF No. 77) are **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's Motion *In Limine* Regarding Policy Reserves (ECF No. 78) is **GRANTED**.

Dated: January 16, 2014            s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Raechel M. Badalamenti, Esq.
Elizabeth P. Roberts, Esq.
Michele A. Chapnick, Esq.